IN IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| DEARBORN NATIONAL LIFE INSURANCE COMPANY,<br>    Plaintiff<br><br>vs.<br><br>JOHNNY E. OLIPHANT, DYLAN OLIPHANT AND DUSTIN OLIPHANT<br>    Defendants | §<br>§<br>§<br>§<br>§   Case No. 1:17-CV-249<br>§<br>§<br>§<br>§ |

## ORIGINAL COMPLAINT IN INTERPLEADER

Plaintiff Dearborn National Life Insurance Company ("Dearborn National") files the following Original Complaint in Interpleader, pursuant to Federal Rule of Civil Procedure 22, and 28 USC §§ 1335 and 2361.

## PARTIES

1. Dearborn National is a corporation domiciled in Illinois.

2. Defendants are citizens of Texas.  No service is necessary at this time, as Dearborn is providing a copy of this Complaint to all parties, along with a request that they waive the issuance and service of summonses.

## FACTUAL BACKGROUND

3. Dearborn National has an interest in the matters in controversy in this litigation in that it funded a term life insurance policy to Gina A. Oliphant, who died on December 20, 2016. The policy was issued through Ms. Oliphant's employer, the University of Texas System.

4. Ms. Oliphant named her husband, Johnny E. Oliphant, as primary beneficiary under the policy, and her children, Dylan Oliphant and Dustin Oliphant, as contingent beneficiaries.

5. Johnny E. Oliphant has been charged with murder in the death of Gina A. Oliphant. Pursuant to Tex. Ins. Code 1103.151, if Johnny E. Oliphant was a principal or an accomplice in willfully bringing about the death of Gina A. Oliphant, he forfeits his interest in the policy proceeds, in which case the contingent beneficiaries, Dylan Oliphant and Dustin Oliphant, would be entitled to the proceeds under Tex. Ins. Code 1103.152. Until Johnny E. Oliphant's culpability or lack thereof is adjudicated, Dearborn National cannot pay the benefits without running the risk of paying the wrong beneficiary.

## BASIS FOR INTERPLEADER

6. Dearborn National may be subject to multiple liability with respect to the life benefits payable upon Gina A. Oliphant's death, because of rival claims by Defendants.

7. Dearborn National is unable to determine which Defendant is entitled to the disputed benefits, and is in the position of an innocent stakeholder faced with the possibility of multiple liability and incidental costs.

8. Dearborn National has no claim to or interest in the benefits, which Dearborn National at all times has been willing to deliver to the person or persons entitled to possession.

9. Dearborn National has in no way colluded with any Defendant concerning the matters of this cause. Dearborn National has not been, and will not be, indemnified in any manner by any Defendant. Dearborn National has filed this complaint of its own free will to avoid multiple liability and unnecessary suits and costs incidental to them. Dearborn National unconditionally offers and is ready to deposit with the Court the entire $106,000 (One Hundred Six Thousand and no/100 Dollars) in basic tem life and supplemental life benefits.

## **R**EQUEST FOR **R**ELIEF

10. Dearborn National requests the Court grant this interpleader and release and discharge Dearborn from any further liability pertaining to the benefits payable upon Gina A. Oliphant 's death. Dearborn National also requests the Court enjoin and restrain Defendants from instituting or prosecuting any proceeding in any State or United States court affecting or relating to the benefits at issue. Dearborn National further requests that it be awarded its attorney's fees and costs incurred as a result of these proceedings, as well as such other relief, both legal and equitable, to which it may show itself justly entitled.

Dated: March 22, 2017.

Respectfully submitted,

By: /s/ Andrew F. MacRae
ANDREW F. MACRAE
*State Bar No. 00784510*
LEVATINO|PACE PLLC
1101 S. Capital of Texas Highway
Building K, Suite 125
Austin, Texas 78746
Tel:  (512) 637-1581
Fax:  (512) 637-1583

ATTORNEYS FOR PLAINTIFF
DEARBORN NATIONAL LIFE
INSURANCE COMPANY